UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | |
|---|---|
| MAREK BRYZSKI, individually, and on behalf of all others similarly situated, | Civil Action No. 19-cv-7421 |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| -against- | |
| NEW YORK INSULATION, INC., NEW YORK INSULATION, LLC and ANTHONY CARDINALE, | |
| Defendants. | |

------------------------------------------------------------------X

Plaintiff, by his attorneys, Slater Slater Schulman LLP, complaining of Defendants, respectfully alleges, upon information and belief, the following:

## NATURE OF THE ACTION

1. Plaintiff worked as a supervisor and laborer for Defendants company known as "New York Insulation, Inc." (hereinafter referred to as "New York Insulation") performing asbestos and lead removal at various sites throughout New York City and Long Island, New York, from in or around 2001 through December 19, 2018.

2. Plaintiff brings this action on behalf of himself and a class and collective of similarly situated current and former employees to seek redress against Defendants for Defendants' failure to pay Plaintiff and the workers at New York Insulation overtime wages, failure to provide proper statements with each payment of wages and failure to provide annual wage rate notifications in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

3. New York Insulation is a company that provides asbestos, lead and mold abatement and various other services to clients throughout the City of New York and Long Island, New York. New York Insulation has been in operation since 1989 and has employed thousands of workers. Throughout Plaintiff's employment with Defendants, Plaintiff worked between the hours of 7:00 a.m. and 12:00 p.m., Monday through Sunday. Plaintiff recorded his hours worked each week and on average Plaintiff worked fifty-one (51) hours per week.

4. Plaintiff was paid at rates ranging from $25.00 to $30.00 per hour during his employment. Irrespective of the number of hours worked per week, at no time was Plaintiff paid overtime at one and one-half times Plaintiff's regular hourly rate. In a scheme to disguise or conceal Plaintiff's overtime hours worked, Defendants issued payment for Plaintiff's first forty (40) hours worked under Defendants' payroll, and for any overtime hours worked in excess thereof Plaintiff was paid by separate check from various shell companies created by Defendants. Upon information and belief, Defendants systematically utilized this policy against all of Defendants' workers in an attempt to circumvent the overtime pay requirements of the FLSA and NYLL.

**PARTIES**

5. Plaintiff Marek Byzski was and still is a resident of the County of Richmond, State of New York.

6. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law § 160 *et seq.* ("NYLL").

7. Defendant New York Insulation Inc. is a domestic corporation organized and existing by virtue of the laws of the State of New York.

8. Defendant New York Insulation, LLC, is a domestic limited liability corporation organized and existing by virtue of the laws of the State of New York.

9. Defendant Anthony Cardinale is a resident of the State of New York.

10. Defendant Anthony Cardinale was and still is the chief executive officer, president, principal, officer, director and/or manager of Defendants New York Insulation Inc. and New York Insulation, LLC.

11. Defendant Anthony Cardinale actively controls and manages Defendants New York Insulation Inc. and New York Insulation, LLC, regulates the employment of persons employed by corporate Defendants, acts directly and indirectly in the interest of the corporate Defendants in relation to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

12. Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed the Plaintiff.

## JURISDICTION AND VENUE

13. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

14. This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

15. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct a significant amount of business within this judicial district.

## FACTS

16. Defendants own and/or operate an insulation company known as "New York Insulation, Inc.," located at 58-48 59th Street, 2nd Floor, Maspeth, New York 11378.

17. New York Insulation, Inc. is a company that provides asbestos removal, lead and mold abatement, water detection and extraction.

18. New York Insulation, Inc. has been in operation since 1989 and has employed thousands of workers.

19. Plaintiff Marek worked for Defendants from in or around 2001 through December 19, 2018.

20. Plaintiff Marek's work duties included without limitation asbestos and lead paint removal and demolition on projects in Manhattan, Bronx, Queens and Long Island, New York. The majority of projects Plaintiff worked on were in Manhattan, New York.

21. During his employment, Plaintiff Marek worked varying schedules between the hours of 7:00 a.m. to 12:00 a.m., Monday through Sunday.

22. Plaintiff recorded his hours worked each week throughout his employment.

23. On average, Plaintiff worked fifty-one (51) hours per week.

24. From 2013 through 2015 Plaintiff was paid $25.00 per hour, in 2016 Plaintiff was paid $28.00 per hour, and from 2017 through 2018 Plaintiff was paid $30.00 per hour.

25. Plaintiff Marek was paid at the foregoing hourly rates irrespective of the number of hours Plaintiff worked per week and was not paid overtime at one and one-half times Plaintiff's regular hourly rate for any of the hours Plaintiff worked in excess of forty (40) hours per week.

26. Throughout Plaintiff's employment Plaintiff was required by Defendants to incorrectly list on timesheets that Plaintiff worked only eight (8) hours per day, forty (40) hours

per week and was advised by Defendants not to list any overtime hours worked on the timesheets.

27. For each week that Plaintiff worked overtime in excess of forty (40) hours per week, Plaintiff was paid for his first forty (40) hours worked under Defendants' payroll and for overtime hours worked in excess thereof Plaintiff was paid by separate check from various companies at his regular hourly rate.

28. Upon information and belief, the companies listed on the checks for payment of Plaintiff's overtime hours worked were shell companies created by Defendants to avoid paying overtime wages required under the FLSA and NYLL.

29. At all relevant times, Defendant Anthony Cardinale hired Plaintiff, designated Plaintiff's work assignments, schedules, hours and Plaintiff's hourly rates of pay.

30. At all relevant times, Defendant Anthony Cardinale was a corporate officer of Defendants New York Insulation, Inc. and New York Insulation, LLC who exeNY Insulationsed operational control over corporate Defendants and had authority over management, supervision and oversight of the corporate Defendants' affairs in general.

31. At all relevant times, each of the Defendants maintained control, oversight and authority over the Plaintiff in the terms and conditions of Plaintiff's employment and payment of wages and were Plaintiff's employer as defined under the FLSA and NYLL.

32. The work performed by Plaintiff was non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA and NYLL.

33. Plaintiff was entitled to be paid at least one and one-half of Plaintiff's respective regular rate of pay for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR § 142-2.2.

34. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per workweek and was entitled to receive overtime wages.

35. At no time during Plaintiff's employment was Plaintiff paid one and one-half times Plaintiff's regular hourly rate for any hours that Plaintiff worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

36. At all relevant times, Plaintiff was entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions.

37. At all relevant times, Plaintiff was entitled to annual Wage Theft Prevention Act notifications notifying Plaintiff of Plaintiff's hourly rate of pay.

38. At no time during Plaintiff's employment was Plaintiff provided with proper wage payment statements and WTPA notifications.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings this action on behalf of Plaintiff and all other persons who were or are employed by Defendants pursuant to 29 U.S.C. §216(b).

40. Employees are "similarly situated" for purposes of FLSA collective wage suits if they are subject to a common policy, plan, or design.

41. Plaintiff brings Plaintiff's FLSA claims on behalf of Plaintiff and others similarly situated, namely employees of Defendants who worked as laborers from the period of January 1, 2016 to the date of final judgment in this matter, who were not paid their full overtime wages for hours worked in excess of forty (40) hours per week, and who do not opt into this action (hereinafter referred to as the "NY Insulation Collective").

42. Upon information and belief, the NY Insulation Collective consists of over five hundred (500) similarly situated individuals who have not been paid their full overtime wages and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

43. Defendants have failed to pay all overtime wages owed to employees other than those in the NY Insulation Collective, and Plaintiff reserves the right to broaden the definition of the collective group and/or add subgroups to this claim as additional members are discovered.

44. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and others similarly situated.

45. Those similarly situated potential collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

46. Plaintiff brings this action as representatives of a class of all other persons similarly situated.

47. Plaintiffs seeks the certification of a class of all persons who, during the relevant time period of January 1, 2013 to the date of final judgment in this matter, have been employed by Defendants as laborers; were not paid overtime wages for hours worked in excess of forty (40) hours per week; and were not provided wage payment statements and annual hourly wage rate notifications (hereinafter referred to as the "NY Insulation Class").

48. Upon information and belief, the NY Insulation Class includes over one thousand (1,000) similarly situated individuals who have not been paid overtime wages, have not received wage payment statements and annual hourly wage rate notifications, and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

49. The NY Insulation Class is so numerous as to make it impracticable to join all members of the class as plaintiffs.

50. There are questions of law and fact common to all members of the NY Insulation Class and those questions predominate over any question affecting only individual class members. Defendants have acted on grounds generally applicable to all class members, in that Defendants' acts and omissions constitute a violation of the wage laws of the State of New York.

51. Common questions of law and fact include, but are not limited to, the following:

   A. Whether Defendants have consistently failed to pay Plaintiff and class members overtime wages at one and one-half times their regular rate of pay as required by the NYLL;

   B. Whether Defendants have, in failing to make required payments to Plaintiff and others similarly situated, acted willfully and with the intent of depriving members of the class of such compensation; and

   C. Whether Defendants have consistently failed to provide wage payment statements as required by the NYLL; and

   D. Whether Defendants have consistently failed to provide annual hourly wage rate notifications as required by the NYLL.

52. Plaintiff's wage and hour claims and Defendants' anticipated affirmative defenses thereto are typical of the claims of all class members and of Defendants' anticipated affirmative defenses thereto.

53. Plaintiff will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims of the class.

Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the class Plaintiff seeks to represent.

54. Plaintiff has retained counsel capable of handling class action suits. Neither Plaintiff nor Plaintiff's counsel have an interest which is in conflict with the class or which might cause them not to vigorously pursue this action.

55. Class certification is appropriate here because the prosecution of separate actions by class members could result in either inconsistent adjudications establishing incompatible pay practices, or could as a practical matter dispose of the legal claims of class members not parties to such separate adjudications.

56. Class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CLASS-WIDE FACTUAL ALLEGATIONS

57. Plaintiff and members of the NY Insulation Class have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the NYLL by denying them, including without limitation, their full overtime wages, wage statements and annual hourly wage rate notifications.

58. As part of their ongoing business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the NY Insulation Class by engaging in a pattern, practice and/or policy of violating the NYLL.

59. Defendants have substantially benefitted and profited from the work that Plaintiff and the NY Insulation Class have performed.

60. Defendants failed to keep accurate records of the hours worked by the Plaintiff and the NY Insulation Class.

61. Defendants' unlawful conduct, policies and practices have been widespread, repeated, and consistent.

62. Defendants' conduct, policies, and practices as described herein are ongoing and continuing.

63. Defendants' conduct, policies and practices have been intentional, willful, and in bad faith, and has caused significant damages to the Plaintiff and the NY Insulation Class.

## AS AND FOR THE FIRST CAUSE OF ACTION
*(Overtime under the FLSA)*

64. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

65. At all relevant times, Plaintiff and the NY Insulation Collective were employees of the Defendants within the meaning of 29 U.S.C. § 203(e), and Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

66. At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

67. At all relevant times, Defendants annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

68. As the Defendants shared control of the services of the Plaintiffs and the NY Insulation Collective, Defendants are a single "employer" as defined by the Fair Labor Standards Act.

69. At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. § 201 *et seq*.

70. Defendants expected Plaintiff and the NY Insulation Collective to work more than forty (40) hours a week, and Plaintiff and the NY Insulation Collective regularly worked more than forty (40) hours a week throughout their employment.

71. At no time have the Defendants paid Plaintiff and the NY Insulation Collective a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

72. Defendants willfully, knowingly and intentionally did not compensate Plaintiff and the NY Insulation Collective for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours a week.

73. As a result of Defendants' violations of the law and failures to pay Plaintiff and the NY Insulation Collective required overtime wages, Plaintiff and the NY Insulation Collective have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

74. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff and the NY Insulation Collective was in compliance with the law, Plaintiff and the NY Insulation Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

### **AS AND FOR THE SECOND CAUSE OF ACTION**
*(Overtime under the NYLL)*

75. Plaintiff repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

76. At all relevant times, Plaintiff and the NY Insulation Class were employees and Defendants were their employers within the meaning of NYLL §§ 190, 651 and 652.

77. At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

78. Pursuant to NYLL § 650 *et seq.* and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

79. Defendants expected Plaintiff and the NY Insulation Class to work more than forty (40) hours a week, and Plaintiff and the NY Insulation Class regularly worked more than forty (40) hours a week throughout their employment.

80. At no time have the Defendants paid Plaintiff and the NY Insulation Class a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

81. Defendants willfully, knowingly and intentionally did not compensate Plaintiff and the NY Insulation Class for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours a week.

82. As a result of Defendants' violations of the law and failure to pay Plaintiff and the NY Insulation Class required overtime wages, Plaintiff and the NY Insulation Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR 142-2.2.

83. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff and the NY Insulation Class was in compliance with the law, Plaintiff

and the NY Insulation Class are entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL § 198.

### AS AND FOR THE THIRD CAUSE OF ACTION
*(Wage Payment Statements under the NYLL)*

84. Plaintiff repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

85. At all relevant times, Defendants failed to provide Plaintiff and the NY Insulation Class with the proper statements with every payment of wages, as required by NYLL § 195(1).

86. As Defendants failed to provide Plaintiff and the NY Insulation Class with proper statements with every payment of wages as required by NYLL § 195(1), Plaintiff and the NY Insulation Class are entitled to liquidated damages in the amount of $50.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

### AS AND FOR THE FOURTH CAUSE OF ACTION
*(Wage Theft Prevention Act Notification Under the NYLL)*

87. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

88. Defendants were obligated to provide Plaintiff and the NY Insulation Class with an annual Wage Theft Prevention Act notification of Plaintiff and the NY Insulation Class' pay rate upon the commencement of employment and annually thereafter.

89. At all relevant times, Defendants failed to provide Plaintiff and the NY Insulation Class with Wage Theft Prevention Act notifications, as required by NYLL § 195(1).

90. As Defendants failed to provide Plaintiff and the NY Insulation Class with proper Wage Theft Prevention Act Notice upon the commencement of employment and annually

thereafter as required by NYLL § 195, Plaintiff and the NY Insulation Class are entitled to liquidated damages in the amount of $50.00 per week, up to a maximum of $2,500.00, along with all reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff, on Plaintiff's own behalf and on behalf of all others similarly situated, seek the following relief:

A. On the First Cause of Action against Defendants for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B. On the Second Cause of Action against Defendants for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C. On the Third Cause of Action against Defendants for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $50.00 per day for every workday in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Fourth Cause of Action against Defendants for failing to provide annual wage rate notifications in an amount of $50.00 per week, up to a maximum of $2,500.00, along with all reasonable attorneys' fees and costs.

E. Interest;

F. Costs and disbursements; and

G.  Such other and further relief as is just and proper.

Dated: Melville, New York
August 8, 2019

                        Respectfully submitted,
                        SLATER SLATER SCHULMAN LLP

                        By: /s/ *Matthew Madzelan*
                        Matthew Madzelan, Esq.
                        Attorneys for Plaintiff
                        445 Broad Hollow Road, Suite 334
                        Melville, New York 11747
                        (631) 420-9300