## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into on the ___ day of March, 2021 by and between Marek Bryzski ("Bryzski") and New York Insulation, Inc., New York Insulation, LLC and Anthony Cardinale, (collectively, "Defendants"), Plaintiff and Defendants are collectively referred to herein as the "Parties."

### W I T N E S S E T H:

**WHEREAS**, on or about August 8, 2019 Bryzski commenced a civil action, entitled *Marek Bryzski v. New York Insulation, Inc., New York Insulation, LLC, and Anthony Cardinale*, United States District Court, Southern District of New York, Docket No. 1:19-cv-07421, alleging that Defendants failed to pay wages in accordance with the Fair Labor Standards Act and the New York Labor Law and failed to provide wage notices in accordance with New York Labor Law. Plaintiff is seeking, among other relief, compensatory damages, liquidated damages, and attorneys' fees and costs;

**WHEREAS**, Defendants filed an Answer in the Action denying the material allegations asserted by Plaintiff in the Action and asserting a number of affirmative defenses; and

**WHEREAS**, the Parties to the Action now desire to settle fully and finally all employment-related claims and possible employment-related claims that Plaintiff had, has or may have had against Defendants, with the exception of prevailing wage claims under New York Labor Law § 220, without further litigation and without any finding of fact or admission of liability, wrongdoing or fault.

**NOW, THEREFORE**, in consideration of the mutual promises and agreements herein contained, the Parties agree as follows:

1) **<u>Non-Admissions of Liability.</u>** This Agreement shall not in any way be construed as an admission by the Defendants of a violation of any rights of Plaintiff. The Defendants, for themselves both in their official and individual capacities, as well as on behalf of their parents, affiliates, subsidiaries, officers, directors, supervisors, employees, agents, heirs, executors, administrators, assigns, beneficiaries, and representatives, expressly deny violating any rights of Plaintiff based on federal, state or local law pertaining to employment or wages or any other basis and expressly deny any liability to Plaintiff. Accordingly, while this Agreement resolves all employment-related issues between Plaintiff and the Defendants, with the exception of prevailing wage claims pursuant to New York Labor Law § 220, this Agreement compromises disputed claims, and, as such, is not an admission by any party as to the merits of such claims and this Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement.

2) **<u>Payment.</u>** In complete settlement of any and all employment-related claims, including claims for actual, compensatory, liquidated or other damages, as well as attorneys' fees and costs that Plaintiff had, has or may have had against the Defendants, their parents, affiliates, subsidiaries, officers, directors, supervisors, employees, agents and representatives and in consideration for the promises and obligations set forth herein, Plaintiff's counsel shall receive a total gross sum of FORTY-SIX THOUSAND AND 00/100 DOLLARS ($46,000.00) within thirty (30) days after approval of this Agreement by the Court and dismissal of this Litigation.

    (a) A check in the amount of THIRTY THOUSAND TWO HUNDRED THIRTY-ONE AND 00/100 DOLLARS ($30,231.00) shall be made payable to "Marek Bryzski" in settlement of Bryzski's claims for damages, and which, accordingly

will not be subject to withholdings of income and payroll taxes. With regard to this payment, Bryzski shall receive an IRS FORM 1099 reflecting such payment.

(b) A check in the amount of FIFTEEN THOUSAND SEVEN HUNDRED SIXTY-NINE AND 00/100 DOLLARS ($15,769.00) shall be made payable to "Slater Slater Schulman LLP" in settlement of all claims for attorneys' fees and costs. With regard to this payment, Plaintiff's attorney shall receive an IRS FORM 1099 reflecting such payment.

(c) Plaintiff agrees that, in the event any local, state or federal agency or court determines that any portion of said sum is subject to the additional payment of taxes, it shall be solely Plaintiff's responsibility to pay such taxes and Plaintiff hereby holds the Defendants harmless from such taxes and hereby agrees to indemnify the Defendants against any liability for such taxes and any resulting penalties or interest.

(d) Defendants shall not be required to make any payments under this paragraph unless and until the Court approves and "So-Orders" the Stipulation of Discontinuance referenced in paragraph 10 of this Agreement.

3) **Plaintiff's Release.** Plaintiff, on behalf of himself and his heirs, executors, administrators, assigns, agents and beneficiaries, if any, hereby releases the Defendants, in their official and individual capacities, and their parents, affiliates, subsidiaries, officers, directors, supervisors, employees, agents, heirs, executors, administrators, assigns, beneficiaries and representatives (collectively the "Releasees"), from any and all legal, equitable or other claims related to wages paid to Plaintiff and hours worked by Plaintiff during his employment, including

claims under the Fair Labor Standards Act and New York Labor Law, and claims relating to, or arising under, any other federal, state, or local statute or regulation that concerns hours worked, the payment of wages, and related record-keeping or notice requirements, except for prevailing wage claim under New York Labor Law § 220.  Plaintiff further waives any and all claims for bonuses, commissions, vacation pay, employee fringe benefits, reimbursement of expenses, and/or attorneys' fees and/or costs related to such claims, except for prevailing wage claims under New York Labor Law § 220.

4) **Entire Agreement.** This Agreement represents the entire understanding between the Parties hereto, and fully supersedes any and all prior agreements or understandings between them, whether written or oral.  The Parties agree that, other than as provided in this Agreement, they have no further obligation of any kind to one another except as contained in this Agreement.

5) **Changes To Agreement.** This Agreement may not be changed, amended, modified or terminated except by a written instrument signed by each of the Parties to this Agreement.

6) **Severability.** In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement.

7) **Applicable Law.** This Agreement shall in all respects be interpreted, enforced, and governed under the laws of the State of New York.  The Parties consent to exclusive jurisdiction in the United States District Court for the Southern District of New York.

8) **Acknowledgment.** Plaintiff acknowledges that the consideration provided to him under this Agreement is in addition to anything of value to which he is already entitled to receive and that he would not receive said consideration but for his execution of this Agreement. Further, Plaintiff acknowledges that he has consulted with his attorneys from Slater Slater Schulman LLP in connection with this Settlement Agreement and Release; that Plaintiff knows and understands the binding effect of this Agreement and that Plaintiff voluntarily and knowingly agrees to the terms of this Agreement, and any waivers he has made herein are knowing, voluntary, conscious and with full appreciation that he is forever foreclosed from pursuing any of the rights so waived.

9) **Waiver.** By signing this Agreement, Plaintiff acknowledges that:

   a) He has carefully read, and understands, this Agreement;

   b) He understands that this Agreement is **LEGALLY BINDING** and by signing it he gives up certain rights;

   c) He has been given sufficient time to consider his rights and obligations under this Agreement;

   d) He has voluntarily chosen to enter into this Agreement and has not been forced or pressured in any way to sign it;

   e) He **KNOWINGLY AND VOLUNTARILY RELEASES** the Defendants, in their official and individual capacities, and their parents, affiliates, subsidiaries, officers, directors, supervisors, employees, agents, heirs, executors, administrators, assigns, beneficiaries and representatives, from any and all employment-related claims he may have, known or unknown, except for prevailing wage claim under New York Labor Law § 220, in exchange for the payments and benefits he has obtained by signing, and that these payments and benefits are in addition to any benefit he would have otherwise received if he did not sign this Agreement;

   f) The Release in this Agreement includes a **WAIVER OF ALL RIGHTS AND CLAIMS** he may have under the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.* and/or the New York Labor Law §§ 190 *et seq.* and §§ 650 *et seq.*; and

   g) This Agreement does not waive any rights or claims that may arise after this Agreement is signed and becomes effective, which is eight (8) days after Plaintiff signs it and the Court approves and "So-Orders" the Stipulation of Discontinuance referenced in paragraph 10 of this Agreement.

10) **Stipulation of Dismissal.** Simultaneously with the execution of this Agreement, counsel for Plaintiff and the Defendants shall execute a Stipulation of Dismissal Pursuant to Fed. R. Civ. P. 41, in the form attached hereto as Exhibit "A," which stipulation shall be filed with the Court by counsel for the Defendants.

11) **Execution in Counterparts.** This Agreement may be executed in counterparts and/or by facsimile or other electronic transmission, each of which when executed shall be deemed to be an original and all of which together shall constitute a single instrument binding upon the Parties.

12) **Signatures.** The Parties hereby signify their agreement to the above terms by their signatures below.

[**SIGNATURE PAGES FOLLOW**]

**On New York Insulation, Inc., New York Insulation, LLC, and Anthony Cardinale**

By:_____    Date: _____
      Name: Anthony Cardinale
      Title: President


_____    Date: _____
Anthony Cardinale

STATE OF NEW YORK    )
                                  ) ss.:
COUNTY OF SUFFOLK   )

On the _____ day of _____, 2021, before me, the undersigned, a Notary Public in and for said state, personally appeared David Viteri, to me known or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he is an authorized officer of A&D Entrances LLC, and that he executed the same and that by his signature on the instrument, he acted executed the instrument.

                                                            _____
                                                            Notary Public


_____    Date: _____
Marek Bryzski

STATE OF NEW YORK    )
                                  ) ss.:
COUNTY OF _____  )

On the _____ day of _____, 2021, before me, the undersigned, a Notary Public in and for said state, personally appeared Marek Bryzski, to me known or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same and that by his signature on the instrument, he acted executed the instrument.

                                                            _____
                                                            Notary Public

**[END OF SIGNATURE PAGES]**

**EXHIBIT "A"**
**<u>Stipulation of Dismissal</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
MAREK BRYZSKI,

              Plaintiff,

   -against-

NEW YORK INSULATION, INC, NEW YORK
INSULATION, LLC and ANTHONY CARDINALE,

             Defendants.
------------------------------X

Docket No.:
1:19-cv-07421 (PGG) (KHP)

**DISMISSAL PURSUANT TO Fed. R. Civ. P. 41**

    **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys of record, that the above-captioned action is hereby dismissed in its entirety, and with no award of attorneys' fees, costs or disbursements to any party; however, if Defendants fail to make timely payment under the Settlement Agreement and Release, Plaintiff shall be entitled to vacate this Dismissal and restore the action to active status upon application made within 45 days hereof; and

    **IT IS HEREBY FURTHER STIPULATED AND AGREED**, that this Stipulation may be executed in counterparts, and facsimile signatures shall have the same force and effect as an original.

Dated: _____, 2021

SLATER SLATER SCHULMAN LLP

By: _____
    John C. Luke, Jr.

*Attorneys for Plaintiff*
445 Broad Hollow Road, Suite 419
Melville, New York 11747
Tel.: (631) 420-9300

CANFIELD RUGGIERO LLP

By: _____
    David J. Canfield

*Attorneys for Defendants*
1461 Franklin Avenue, #LL-1
Garden City, New York 11530
(516) 294 - 4180

**SO ORDERED:**

_____
**Dated:_____, 2021
New York, New York**

FF\8302813.1